UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PREFERRED DISPLAY, INC., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 09-cv-365 (JCH) |
| | : | |
| VINCENT LONGO, INC., | : | AUGUST 3, 2009 |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION (DOC. NO. 22)**

## I.    INTRODUCTION

Plaintiff Preferred Display, Inc. ("PDI") brings this action against defendant Vincent Longo, Inc. ("VLI") for unpaid invoices arising from the sale of a number of cosmetics display cases. PDI asserts three causes of action: (1) common law breach of contract; (2) common law unjust enrichment; and (3) a claim pursuant to Connecticut's Uniform Commercial Code ("UCC"), Conn. Gen. Stat. § 42a-2-709. VLI moves to dismiss the action for lack of personal jurisdiction. For the reasons stated herein, VLI's Motion is granted.

## II.    STANDARD OF REVIEW

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001). As the Second Circuit explained in Ball v. Metallurgie Hoboken-Overplet, S.A., 902 F.2d 194, 197 (2d Cir. 1990):

> [T]he nature of the plaintiff's obligation varies depending on the procedural posture of the litigation. Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion

> by pleading in good faith . . . legally sufficient allegations of jurisdiction. At the preliminary stage, the plaintiff's prima facie showing may be established solely by allegations. After discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. At that point, the prima facie showing must be factually supported.

(internal quotations omitted); see also Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

Where, as here, discovery has begun but not been completed[1] and no evidentiary hearing on the issue of jurisdiction has been held, a plaintiff may establish a prima facie basis for personal jurisdiction through his "own affidavits and supporting materials, containing an averment of facts, that if credited would suffice to establish jurisdiction over the defendant." Whitaker, 261 F.3d at 208 (internal quotations omitted); see also Johnson, Fretty, & Co. v. Lands South, LLC, 526 F. Supp. 2d 307, 310 (D. Conn. 2007) (holding that, when "discovery has not been completed . . . and . . . no full-blown evidentiary hearing has been held, the Plaintiff need only make a prima facie showing, via pleadings and affidavits, that the court possesses personal jurisdiction over the Defendants" (internal quotation omitted)). In such circumstances, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Finance, Inc., v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

In deciding whether personal jurisdiction exists, the court must first look to the long arm statute of the forum state, in this case, Connecticut. Whitaker, 261 F.3d at

---

[1] The discovery deadline is September 4, 2009. See Order on Pretrial Deadlines (Doc. No. 2).

208. If the long arm statute reaches the defendant, the court must then decide whether the exercise of jurisdiction comports with the requisites of due process. Id.

### III.    BACKGROUND

PDI, a New Jersey corporation with its principal place of business in Clifton, New Jersey, manufactures custom cosmetics display cases for use in retail stores. See Complaint (Doc. No. 1) at ¶ 1; Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Mem. in Opp.") (Doc. No. 28) at 1. PDI has offices in Connecticut and New Jersey and manufactures its products at those locations. See id. at 1, 3.

VLI is a New York corporation with its principal place of business in New York City. See Complaint at ¶ 2. VLI sells Vincent Longo brand cosmetics through its own website and through retail partners including, inter alia, Barney's, Beauty.com, and cosmetics-retailer Sephora. See Defendant's Memorandum in Support of its Motion to Dismiss ("Mem. in Supp.") (Doc. No. 23) at 2. Sephora has sold VLI cosmetics from, inter alia, locations in Danbury, Greenwich, and Farmington, Connecticut. See id. VLI cosmetics are also sold at Westport, Connecticut cosmetics-retailer Beautiful Faces, and VLI has organized public events at Beautiful Faces during which consumers had VLI cosmetics applied by in-store make-up artists. See id.

According to PDI, VLI has not paid 22 invoices for cosmetics display cases, which invoices total $441,855.19. See Complaint at ¶ 7. PDI does not specify exactly how many of the unpaid invoices relate to display cases assembled in Connecticut or shipped to retailers in Connecticut. PDI does, however, allege that three display cases ordered by VLI were shipped from PDI's New Jersey facility to retailers in Connecticut. See Shipping Records of 10/23/2008, Exhs. C, D, and E to Mem. in Opp.

**IV.    DISCUSSION**

In its Memorandum in Support of its Motion to Dismiss, VLI argues that this court lacks personal jurisdiction because, inter alia: (1) as a foreign corporation without a usual place of business in Connecticut, PDI cannot take advantage of section 33-929(f) of Connecticut's long arm statute; and (2) because VLI does not transact business in Connecticut and because PDI's causes of action in this suit do not arise from VLI business activities in Connecticut, section 33-929(e) of Connecticut's long arm statute does not apply.  The court addresses the arguments separately.

   A.   Jurisdiction under § 33-929(f)

Under Conn. Gen. Stat. § 33-929(f), a foreign corporation may be sued in Connecticut "by a resident of [Connecticut] or by a person having a usual place of business in [Connecticut]."  Conn. Gen. Stat. § 33-929(f).  Because PDI is not a resident of Connecticut, it must have a "usual place of business" in the state in order to qualify as a plaintiff under section 33-929(f).  See Connecticut General Life Ins. Co. v. SVA, Inc., 743 F. Supp. 107 (D. Conn. 1990) ("Corporations can qualify as plaintiffs [under section 33-929(f)] only by having a usual place of business in [Connecticut], since even a domestic corporation cannot be regarded as 'resident' of the state") (internal quotation omitted).

Neither the Connecticut Supreme Court nor the Connecticut Appellate Courts have defined "usual place of business" as used in section 33-929(f).  In fact, as the court noted in Vitale Fireworks Display Co. v. S. Mantsuna & Co., 1994 Conn. Super. LEXIS 2743 (Conn. Super. Ct. Oct. 31, 1994) (Pickett, J.), "[t]he case law is scant on

4

what constitutes a 'usual place of business' within the meaning of § 33-411(c)."[2]  The case law is not, however, entirely unhelpful.  In Nationwide Mut. Life Ins. Co. v. Amphion Media Works, Ltd., 2008 U.S. Dist. LEXIS 48402 (D. Conn. June 25, 2008), for example, the court found that the third-party plaintiff, Best Buy (a Virginia limited partnership with a principal place of business in Minnesota), had a "usual place of business" in Connecticut for the purposes of section 33-929(f) because it had a certificate of authority from the Connecticut Secretary of State to conduct business in the state and maintained numerous retail stores there.  Nationwide Mut. Life Ins. Co. v. Amphion Media Works, Ltd., 2008 U.S. Dist. LEXIS 48402, *7 (D. Conn. June 25, 2008).

This court finds Nationwide persuasive.  There is nothing in the plain language of section 33-929(f) which supports VLI's assertion that a plaintiff seeking to take advantage of that provision need be incorporated in Connecticut or have its "principal" or "only" place of business in Connecticut.  Rather, the statute merely states that the plaintiff must have "a usual place of business" in Connecticut and contains no indication that these words should be given other than their ordinary meaning.  See Conn. Gen. Stat. § 33-929(f).  Because PDI is registered to transact business in Connecticut and has one of its two business locations in the state, see Mem. in Opp. at 1, 6, the court finds that PDI has a "usual place of business" in Connecticut for the purposes of section 33-929(f).

---

[2]  When the Connecticut corporation long-arm statute was amended in 1997 by Public Act No. 94-186, Conn. Gen. Stat. § 33-411 became Conn. Gen. Stat. § 33-929.  See Edberg v. Neogen Corp., 17 F. Supp. 2d 104, 111, n.9 (D. Conn. 1998).  The relevant sections of the statute pertaining to this case, however, did not change.  Thus, precedent concerning section 33-411 is equally applicable to section 33-929 for the purposes of the instant Motion.

The court's inquiry, however, does not end there. To establish jurisdiction under section 33-929(f), a plaintiff with a "usual place of business" in Connecticut must show that its cause of action arises under one of four scenarios set forth in the statute. The court addresses two of those scenarios.³

        1. Jurisdiction under Conn. Gen. Stat. § 33-929(f)(1)

Under section 33-929(f)(1), "every foreign corporation shall be subject to suit in [Connecticut], by a resident of [Connecticut] or by a person having a usual place of business in [Connecticut] . . . on any cause of action arising . . . out of any contract made in [Connecticut] or to be performed in [Connecticut]." Conn. Gen. Stat. § 33-929(f)(1). In its briefing, VLI alleges that the contract was not made in Connecticut, but rather was made in "either New York or New Jersey," the respective principal places of business of the defendant and the plaintiff.⁴ Defendant's Reply Memorandum in Support of Motion to Dismiss ("Reply") (Doc. No. 32) at 3. PDI does not allege that its contract with VLI was made in Connecticut, nor has PDI offered any evidence which would support such a finding. Thus, the court focuses its inquiry on whether the contract between PDI and VLI was "to be performed" in Connecticut. See Conn. Gen. Stat. § 33-929(f)(1)

For the purposes of Connecticut's long arm statute, a contract that is "to be performed" in Connecticut need not explicitly require performance in Connecticut, nor must the performance be that of the party over whom jurisdiction is sought. See Teleco

---

³ The other two scenarios, repeated solicitation and tortious conduct, are not claimed by PDI and, from the record before the court, are inapplicable to this case. See Conn. Gen. Stat. § 33-929(f)(2), (4).

⁴ It is unclear from the record before the court whether there was one master contract between PDI and VLI for the cosmetics display cases that were the subject of the 22 invoices at issue in this suit, or whether each invoice reflected a separate agreement. For the purposes of the instant Ruling, the court will refer to one contract.

Oilfield Svcs., Inc. v. Skandia Insurance Co., 656 F. Supp. 753, 757 (D. Conn. 1987). If, however, jurisdiction is based solely on the plaintiff's performance of the contract, the plaintiff must show that either: (1) the contract expressly contemplated or required performance in Connecticut; or (2) the plaintiff actually performed its obligations in Connecticut and such performance was the most substantial part of the obligations to be performed under the contract. See Aurand v. Contemporary Mktg., Inc., 2005 U.S. Dist. LEXIS 38428 (D. Conn. Dec. 20, 2005).

With respect to the first of the tests set forth in Aurand, PDI has not shown that its contract with VLI expressly contemplated or required performance in Connecticut. It has not alleged that the contract contemplated or required performance in Connecticut, nor has it offered evidence which indicates as much.

With respect to the second Aurand test, in order to find jurisdiction the court must find that the most substantial part of PDI's obligations under its contract with VLI were performed in Connecticut. The parties, however, disagree as to what, precisely, PDI's obligations were. PDI claims that its obligation under the contract was to assemble and ship the cosmetics display cases, Mem. in Opp. at 7, while VLI claims that PDI's obligation was to deliver those cases, Reply at 3. Because the record before the court does not include the contract at issue, the court considers both parties' interpretations of PDI's obligations in determining whether PDI has shown that it actually performed the contract in Connecticut and that such performance was the most substantial part of the obligations to be performed under the contract. See Aurand v. Contemporary Mktg., Inc., 2005 U.S. Dist. LEXIS 38428 (D. Conn. Dec. 20, 2005).

If, as PDI suggests, its obligation under the contract was to assemble and ship display cases for VLI, PDI has not alleged facts sufficient to meet its prima facie burden. PDI states in its brief that "some" of the display cases at issue were assembled in Connecticut, Mem. in Supp. at 3, and that the contract was "partially performed" in Connecticut, id. at 6-7.  Further, Thomas Wilson, PDI's chief financial officer, stated in deposition testimony that "certain" parts of the display cases were built in Connecticut.[5] Transcript of 4/1/2009 PJR Hearing ("PJR Tr."), Exh. 10 to Mem. in Supp. at 36. Without more, such statements do not show that PDI performed the most substantial part of the contract with VLI in Connecticut.

If, as VLI suggests, PDI's obligation under the contract was to deliver the display cases, PDI's unilateral action of assembling "some" of the cases in Connecticut is irrelevant to the jurisdiction analysis.  The display cases which were the subject of the 22 allegedly unpaid invoices were delivered by PDI to various locations throughout the country, only three of which were in Connecticut.  Thus, if PDI's contractual obligation was to deliver the display cases, it is clear that the most substantial part of PDI's performance took place outside of Connecticut.

In sum, because PDI has not met either of the requirements set forth in <u>Aurand v. Contemporary Mktg., Inc.</u>, 2005 U.S. Dist. LEXIS 38428 (D. Conn. Dec. 20, 2005), the court does not find personal jurisdiction under Conn. Gen. Stat. § 33-929(f)(1).

---

[5] Wilson later states: "Most of this case, I can assure you that it was built in Connecticut."  PJR Tr. at 36. When asked what he was referring to by "most of this case," Wilson's response was, "Most of this action." Id.  Because of the ambiguity of Wilson's statements and their conclusory nature, the court cannot conclude that PDI has alleged facts which, if credited, would suffice to find jurisdiction over VLI under Conn. Gen. Stat. § 33-929(f)(1).

2. Jurisdiction under § 33-929(f)(3)

Under section 33-929(f)(3), a foreign corporation shall be subject to suit in Connecticut for any cause of action arising "out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed." The "corporation" referred to in section 33-929(f)(3) is the corporation against which jurisdiction is sought, in this case, VLI.

PDI's causes of action in this case arise out of unpaid invoices for cosmetics display cases ordered by VLI. The only "goods" relevant to an analysis of jurisdiction under section 33-929(f)(3) are the display cases. Although some of those cases were manufactured and/or distributed in Connecticut and used in Connecticut, see Affidavit of Arnaldo Marinelli, Executive Vice President of PDI ("Marinelli Affidavit") (Doc. No. 29) at ¶¶ 4-5, it was PDI and not VLI that manufactured and distributed the cases. Because the plain language of section 33-929(f)(3) indicates that, for the statute to apply, the foreign corporation over which jurisdiction is sought must have produced, manufactured, or distributed the relevant goods in Connecticut, section 33-929(f)(3) does not apply in this case.

B. Jurisdiction under Conn. Gen. Stat. § 33-929(e)

While PDI does not invoke Conn. Gen. Stat. § 33-929(e) in its Memorandum in Opposition to VLI's Motion to Dismiss, VLI asserts that, even if PDI claimed jurisdiction under that provision, such claim would fail. The court agrees.

In section 33-929(e), Connecticut's long arm statute provides that, "[e]very foreign corporation which transacts business in this state in violation of section 33-920[6]

---

[6] Conn. Gen. Stat. § 33-920 states: "A foreign corporation, other than an insurance, surety or indemnity company, may not transact business in this state until it obtains a certificate of authority from the Secretary of State."

9

. . . shall be subject to suit in this state upon any cause of action arising out of such business." Conn. Gen. Stat. § 33-929(e). Thus, section 33-929(e) authorizes personal jurisdiction over a foreign corporation where: (1) the corporation has transacted business in Connecticut without having obtained a certificate of authority from the Secretary of State; and (2) the cause of action arises out of such business. Gerber Trade Finance, Inc. v. Davis, Sita & Co., P.A., 128 F. Supp. 2d 86, 90 (D. Conn. 2001).

In this case, VLI asserts that PDI may not invoke section 33-929(e) because: (1) VLI did not transact business in Connecticut; and (2) even if VLI did transact business in Connecticut, PDI's causes of action do not arise out of such business. Mem. in Supp. at 4-5. The record before the court indicates that, if VLI transacted business in Connecticut – an issue upon which the court takes no position – it did so by selling cosmetics at retail stores in the state. Because PDI's causes of action arise out of unpaid invoices for PDI display cases rather than VLI's retail sale of Vincent Longo cosmetics in Connecticut, PDI has not satisfied the second requirement for jurisdiction under section 33-929(e). As a result, section 33-929(e) does not give this court jurisdiction over VLI.[7]

## V. CONCLUSION

For the forgoing reasons, defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. The Clerk is directed to enter judgment for the defendant and close the case.

---

[7] Because the court concludes that Connecticut's long arm statute does not reach VLI, the court need not determine whether a finding of jurisdiction would comport with constitutional due process requirements.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of August, 2009.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge